# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| JOSEPH STAMBAUGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 3:14 CV 582 |
| ) | |
| ST. JOSEPH COUNTY ) | |
| SHERIFF MIKE GRZEGOREK, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss Plaintiff's First Amended Complaint, filed by Defendant, St. Joseph County Sheriff Mike Grzegorek, on December 4, 2014 (DE #34). For the reasons set forth below, the Motion (DE #34) is **GRANTED** and the claims against the John/Jane Doe Defendants and St. Joseph County Sheriff Mike Grzegorek are **DISMISSED WITH PREJUDICE.** The case remains pending against Defendant, Beacon Health Ventures, Inc.

BACKGROUND

The following facts are based on the allegations of the first amended complaint, which this Court accepts as true at this stage of the litigation. This lawsuit stems from the policies and practices engaged in by Defendants at the St. Joseph County Jail in South Bend from approximately May 25, 2013 to approximately

November 28, 2014. Plaintiff, Joseph Stambaugh, claims he was denied adequate medical care for a serious medical condition while in St. Joseph County Jail.

Beacon Health Ventures, Inc., d/b/a Memorial Home Care, Inc., a/k/a Memorial Home Care (hereinafter "Beacon"), is a company doing business at 3355 Douglas Road, in South Bend, Indiana. (First Am. Compl., DE #21 at ¶4.) Beacon employed the John Does/Jane Does as medical personnel at the St. Joseph County Jail that were responsible for the medical care of Stambaugh during his incarceration. (*Id*.) Stambaugh was arrested on or about May 12, 2012. (*Id*. at ¶5.) During his arrest, Stambaugh was shot approximately fourteen times prior to being apprehended, with at least three of the shots hitting him in his hands causing damage to his fingers and hands. (*Id*.) Stambaugh's physician ordered that he receive bone grafts and repair of severed nerves, which needed to be reconnected in his upper right arm. (*Id*.) After his arrest, the Plaintiff was booked into the St. Joseph County Jail, on or about May 25, 2012, where he continued to require significant medical care and treatment of his injuries. (*Id*.)

During the six months Stambaugh remained incarcerated at the jail, he never actually received nerve surgery for his right arm, contrary to his physician's advice. (*Id.* at ¶6.) Plaintiff alleges the surgery was necessary for him to have the potential to regain movement and functioning in his right hand. (*Id*.) After

2

asking the St. Joseph County Jail Warden and the Jail Medical Director about the nerve surgery, Stambaugh was told that the nearest specialist who could do the surgery was in Indianapolis, Indiana, and required payment of the surgery up front, or they could not do the surgery. (*Id*.) Stambaugh was indigent and could not pay up front for the surgery, so the nerve surgery was never scheduled. (*Id*.) However, the bone graft surgery did occur. (*Id*.) Stambaugh alleges because the John Doe/Jane Doe jail and medical personnel never arranged for or scheduled the nerve surgery for Plaintiff, his right arm is paralyzed and has atrophied. (*Id.* at ¶7.)

Stambaugh has sued St. Joseph County Sheriff, Mike Grzegorek, and Beacon Health Ventures, Inc., d/b/a Memorial Home Care, Inc., a/k/a Memorial Home Care. Stambaugh's first amended complaint, pursuant to section 1983, alleges that the individually named Defendants, John Does/Jane Does were deliberately indifferent to his serious medical need for nerve surgery in his right arm and by failing to arrange for and schedule his surgery, they subjected him to a denial of adequate medical care in violation of Plaintiff's federally protected right to be free from cruel and unusual punishment under the Eight Amendment of the United States. (*Id.* at ¶8.)

Stambaugh further contends that the individually named Defendants John Does/Jane Does were acting pursuant to the

3

"unconstitutional/constitutionally deficient policies, practices, procedures, and/or customs of the St. Joseph County Sheriff pertaining to the provision of the medical care to prisoners, including indigent prisoners such as the Plaintiff when they denied him adequate medical care." (*Id.* at ¶9.) Stambaugh alleges that the Sheriff, "in his official capacity," is therefore liable for the denial of adequate medical care as well. (*Id.*) Further, Stambaugh claims that John Doe/Jane Doe jail medical personnel who were the direct employees of Memorial Home Care, Inc., acted carelessly, recklessly and with negligence as to the provision of medical care to the Plaintiff, making Memorial Home Care Inc. liable to him under respondent superior. (*Id.* at ¶10.)

Defendant, St. Joseph County Sheriff, Mike Grzegorek, filed the instant Motion to Dismiss the First Amended Complaint under Rule 12(b)(6) for failure to state a claim on December 4, 2014 (DE #34.) Stambaugh filed a response in opposition to the Motion to Dismiss on December 30, 2014 (DE #38.) Defendant then filed a reply on January 5, 2015 (DE #40.) This motion is fully briefed and ripe for adjudication.

DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed if it fails to "state a claim upon which relief can be granted." Allegations other than fraud and mistake are governed by

4

the pleading standard outlined in Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement" that the pleader is entitled to relief.

In order to survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). All well-pleaded facts must be accepted as true, and all reasonable inferences from those facts must be resolved in the plaintiff's favor. *Pugh v. Tribune Co.*, 521 F.3d 686, 692 (7th Cir. 2008). However, plaintiffs may plead themselves out of court if the complaint includes allegations that show they cannot possibly be entitled to the relief sought. *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

Motion to Dismiss John/Jane Does Individually

Federal Rule of Civil Procedure Rule 10(a) states that every pleading must have a caption with the court's name, a title, a file number and a Rule 7(a) designation. The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties. Also, Federal Rule of Civil Procedure Rule 4m states: If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice

5

against the defendant or order that service be made within a specified time.

Defendant, Sheriff Grzegorek, moves to dismiss the claims against the John/Jane Doe Defendants, names unknown, who are named in their individual capacity pursuant to 42 U.S.C. § 1983, because the John/Jane Doe Defendants were not listed in the caption. (DE #34 ¶5.) Defendant further moves to dismiss the claims because Stambaugh has failed to serve the John/Jane Doe Defendants within 120 days of the filing of the complaint in compliance with Fed. R. Civ. P. 4m. (*Id.* ¶6.) Finally, Defendant argues that "[a]ny attempt by Plaintiff now to amend his First Amended Complaint in order to identify and name the John/Jane Doe Defendants would be futile since such an action would be barred by the statute of limitations." (*Id.* ¶ 7.)

Stambaugh filed his original complaint on March 24, 2014, naming John/Jane Doe Defendants. (DE #5.) On September 4, 2014, Stambaugh filed his first amended complaint modifying his claim by removing the John/Jane Doe Defendants from the caption[1] and adding Beacon as a defendant. (DE #21.) It has been over 120 days since the complaint was filed. Plaintiff's claim brought under 42 U.S.C. § 1983 has a two year statute of limitations, which began running

---

[1] However, there are still allegations in the first amended complaint that the "individually-named Defendants are John/Jane Does (names unknown) who are named in their individual capacity pursuant to 42 U.S.C. § 1983." (First Am. Compl., DE #21, ¶ 2.)

6

on the date which Plaintiff discovered he had been injured - in this case, at the latest, on November 28, 2012 (the latest date Plaintiff claims he was deprived of medical care). *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990).

Stambaugh concedes that "there are no John/Jane Doe Defendants as they were never identified and the statute of limitations has expired." (DE #38. P. 1.) Plaintiff also states "there are no individually-named Defendants who are liable in their *individual* capacity" (emphasis in original) and that "the individual capacity claims against the individual actors were not filed within the appropriate statute of limitations." (DE #39, pp. 1-2.) The Court concurs that even if Stambaugh tried to amend the complaint in the future again to identify John Doe and Jane Does, it would be inappropriate to grant such leave to amend because a plaintiff cannot, "after the statute of limitations period, name as defendants individuals that were unidentified at the time of the original pleading." *Jackson v. Kotter,* 541 F.3d 688, 696 (7th Cir. 2008). Therefore, the claims against the John/Jane Doe Defendants are hereby dismissed with prejudice as untimely. *See, e.g., Todd v. Lake Cnty. Sheriff's Dep't*, No. 2:08 CV 314, 2013 WL 2156470, at *10-11 (May 17, 2013)(dismissing case against John Doe defendants with prejudice where Court found the limitations period had expired

as to John Doe defendants).[2]

### Motion to Dismiss Claims Against the Sheriff

There are two main allegations against Sheriff Mike Grzegorek in the first amended complaint. Plaintiff alleges that he, in his official capacity, was responsible for the policies, practices, procedures, and customs in effect at the St. Joseph County Jail pertaining to the provision of medical care to prisoners, which resulted in an unconstitutional denial of adequate medical care to Plaintiff from May 25, 2012 through November 28, 2013. (DE #21, ¶3.) Further, Stambaugh argues the individually-named Defendants John Does/Jane Does were acting pursuant to the unconstitutional/constitutionally deficient policies, practices, procedures and/or customs of the St. Joseph County Sheriff pertaining to the provision of medical care to prisoners, including indigent prisoners such as Plaintiff when they denied him adequate medical care, so the Sheriff is liable in his official capacity for the denial of adequate medical care, which violated Plaintiff's rights under the Eighth Amendment and 42 U.S.C. § 1983. (DE #21, ¶9.) The complaint specifies Sheriff Grzegorek "is named in his official capacity" (DE #21, ¶3), and it is settled that "the

---

[2] To the extent Defendant requests in his reply memorandum that certain paragraphs of the first amended complaint be stricken (DE #40, pp. 1- 3), this request violates the local rule that motions must be filed separately. N.D. Ind. L.R. 7-1. As such, the request is denied.

8

capacity in which litigation proceeds is largely the plaintiff's choice . . . [t]he plaintiff may plead a claim either way . . . ." *Walker v. Rowe*, 791 F.2d 507, 508 (7th Cir. 1986) (citation omitted).

42 U.S.C. § 1983 states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights . . . secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

As an initial matter, it is important to note that §1983 "does not create substantive rights; rather, 'it is a means for vindicating federal rights conferred elsewhere'." *Padula v. Leimbach*, 656 F.3d 595, 600 (7th Cir. 2011) (quoting *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997)). Thus, in order to state a valid claim for relief under § 1983, the "[plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *American Mfrs. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *Padula*, 656 F.3d at 600; *Thurman v. Village of Homewood*, 446 F.3d 682, 687 (7th Cir. 2006).

A claimant can impose personal liability on a government official under section 1983 by demonstrating that the official,

9

acting under color of state law, caused the deprivation of a federal right. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). A suit against a government officer in his official capacity is really suit against an entity of which the officer is an agent. *Mihelic v. Will Cnty., Illinois*, 826 F.Supp.2d 1104, 1117 (N.D. Ill. 2011) (citing *Franklin v. Zaruba*, 150 F.3d 682, 684 n.1 (7th Cir. 1998)). Governmental liability cannot attach where there is no finding that the individual officer is liable on the underlying substantive claims. *Durkin v. City of Chicago,* 341 F.3d 606, 615 (7th Cir. 2003) (affirming dismissal of section 1983 claim where no individual officer was liable on the underlying substantive claim, so "a municipality cannot be found liable if there is no finding that the individual officer is liable on the underlying substantive claim".). If the individual has not suffered a constitutional deprivation at the hands of an individual officer, the fact that departmental policies might have authorized the officers' actions is irrelevant. *Mihelic*, 826 F.Supp.2d at 1117 ("Governmental liability cannot attach where there is no finding that the individual officers are liable on the underlying substantive claims.").

In the instant motion, Defendant argues that the claim against Sheriff Grzegorek should be dismissed because there is a lack of an underlying claim against the individual jail medical personnel (who were dismissed). Plaintiff simply contends "this argument is

ridiculous," and cites two cases from other circuits, *Colvin v. McDougall*, 62 F.3d 1316, 1318 (11th Cir. 1995) (merely stressing the difference between an official capacity suit and an individual capacity suit), and *Gean v. Hattaway*, 330 F.3d 758, 765-66 (6th Cir. 2003) (reviewing the difference between official capacity suits and individual capacity suits), which factually are not on par with this case, and legally, have no relevance to this case. In stark contrast, Defendant Sheriff Grzegorek has cited a case that is directly on point. In *Mihelic*, on a motion to dismiss, the Court dismissed the claims against the individual sheriffs because it found the first and second amended complaints did not relate back to the initial complaint, and the claims against the individual officers were barred by the statute of limitations. *Mihelic*, 826 F.Supp.2d at 1115-16. The Court then reasoned that:

> [G]overnmental liability cannot attach where there is no finding that the individual officers are liable on the underlying substantive claims. Where an individual has not suffered a constitutional deprivation at the hands of an individual officer, the fact that departmental policies might have authorized the officers' actions is besides the point. Here, because the Court has dismissed the underlying claims against the individual officers, there is no underlying constitutional violation. Accordingly, Plaintiff's claims against [the sheriff] in his official capacity . . . are dismissed.

*Id.* at 1117-18 (citations omitted).

Similarly, Plaintiff in this case has conceded that the statute of limitations has expired on the John and Jane Doe defendants, thus there cannot be a finding that the individual

officers or care givers are liable on underlying substantive claims. As such, because there is no underlying constitutional violation, the claim against Sheriff Grzegorek in his official capacity must be dismissed. *See, e.g., Schlatter v. Fries*, No. 1:11-CV-211, 2013 WL 3288412, at *13-14 (N.D. Ind. June 27, 2013) (dismissing official capacity claim against sheriff where plaintiff failed to first show an underlying constitutional violation by individual employees).

CONCLUSION

For the reasons set forth below, the Motion (DE #34) is **GRANTED** and the claims against the John/Jane Doe Defendants and St. Joseph County Sheriff Mike Grzegorek are **DISMISSED WITH PREJUDICE.** The case remains pending against Defendant, Beacon Health Ventures, Inc.

    **DATED:    April 28, 2015**    /s/ RUDY LOZANO, Judge
    **United States District Court**